# In the United States District Court for the Southern District of Georgia Waycross Division

DONALD MOORE,

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

CV 521-018

## ORDER

Plaintiff Donald Moore moves the Court for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 20. Plaintiff requests $9,294.41 in attorney's fees. Id.; see also Dkt. No. 22. The Commissioner does not dispute that fees should be awarded but opposes the amount Plaintiff requests. Dkt. No. 21.

## LEGAL AUTHORITY

The Court may award attorney's fees under the EAJA upon a showing that: (1) the claimant is a prevailing party, (2) the Government's position was not substantially justified, (3) the claimant's application was timely filed, (4) the claimant's net worth was less than $2 million when the complaint was filed, and (5) no circumstances make the award unjust. See 28 U.S.C.

§ 2412(d). The fee award must also be reasonable. Id. § 2412(d)(2)(A).

**DISCUSSION**

The Commissioner does not dispute that Plaintiff satisfied the first five requirements under § 2412(d). See Dkt. No. 21. The Commissioner does dispute, however, the reasonableness of the hours claimed by Plaintiff's counsel and the monetary rate at which counsel seeks compensation. See id.

**I. Hourly Rate**

The Court first addresses the hourly rate Plaintiff's counsel seeks for work performed in 2021. The parties agree that the "All Items" Consumer Price Index for All Urban Consumers (CPI-U) should be used in determining the appropriate cost-of-living adjustment when calculating attorney's fees under the EAJA. However, the Commissioner argues that "Plaintiff miscalculates the CPI and his requested hourly rate is not based on the CPI for 2021." Dkt. No. 21 at 2.

The Commissioner argues that "the average 'All Items' CPI-U for 2021 should be used in determining the hourly fee for services rendered in that year." Id. at 3. The average CPI-U for 2021 is, as the Commissioner points out, $217.54 per hour. Id. (citing U.S. Dep't of Labor, Bureau of Labor Statistics, Consumer Price Index, available at https://data.bls.gov/cgi-bin/surveymost?cu ("CPI-U Table")). Plaintiff, however, does

2

not use the average CPI-U for 2021 to arrive at his requested hourly rate(s); instead, he seeks reimbursement according to the CPI-U's 2021 *monthly* rates. See Dkt. No. 20-3 at 3; compare id. with CPI-U Table.

In short, the Commissioner has not convinced the Court that Plaintiff's requested hourly rates are unreasonable. In Gates v. Barnhart, 325 F. Supp. 2d 1342 (M.D. Fla. 2002), a case cited by the Commissioner, the court acknowledged that there are two methods for calculating cost-of-living adjustments under the EAJA.

> The CPI-U is published on a monthly basis, with a multiplier for each month, as well as an annualized multiplier for each year. Social Security appeals typically take a year or longer to litigate, with the beginning and ending dates of litigation frequently falling within two different years. Thus, on the one hand, the use of a single multiplier to represent the entire period when services were performed by the plaintiff's attorney could result in material inaccuracies. On the other hand, using the monthly multipliers for each of the months in which services were performed (which would produce the most accurate result) could result in a level of computational difficulty that is unwarranted.
>
> The one circuit court that has addressed this issue has opined that "fees incurred in a particular year must be indexed using the cost of living multiplier applicable to that year, and so on for each year in which fees were incurred." [Marcus v. Shalala, 17 F.3d 1033, 1040 (7th Cir. 1994).] This approach seems to strike a reasonable balance between accuracy and ease of calculation. Therefore, the Court will adopt this approach.

Id. at 1347. In this case, Plaintiff has provided the data he used to arrive at a monthly hourly rate. See Dkt. No. 20-3.

Indeed, the Court has verified that Plaintiff's monthly-rate calculations are correctly based upon the CPI-U monthly multipliers. While using the monthly multiplier "could result in a level of computational difficulty," Gates, 325 F. Supp. 2d at 1347, the Court does not find the calculations in this case too onerous to arrive at the most accurate result. As such, the Court will use the CPI-U monthly multiplier, not the average yearly multiplier, during which work was performed when calculating Plaintiff's attorney's fees award.

## II. Hours Expended

"[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1306 (11th Cir. 1988). The Court should exclude hours found to be "excessive, redundant, or otherwise unnecessary." Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

The Court is an "expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman, 836 F.2d at 1303. The Court must exercise its independent judgment when reviewing a claim for

4

hours reasonably expended. Id. at 1301-02. "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Vilano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001).

In this matter, Plaintiff was represented by George Piemonte, Alyssa Van Auken and "KHE."[1] Mr. Piemonte billed 2.55 hours at an average hourly rate of $216.30; Ms. Van Auken billed 33.4 hours at an hourly rate of $223.83; and KHE billed 6 hours at an hourly rate of $211.15. See Dkt. No. 20-3. In sum, Plaintiff requests an award of $9,294.41 in attorney's fees for 41.95 hours of legal work, plus $402 in filing costs and $21.48 for service costs.[2]

Plaintiff argued three issues in this appeal: (1) the Commissioner's final decision denying Plaintiff's application for benefits is constitutionally defective; (2) the Administrative Law Judge's ("ALJ") evaluation of the opinion and other evidence is not supported by substantial evidence, and (3) the ALJ's step five finding is not supported by substantial evidence. Dkt. No. 14 at 1. The first issue required five and

---

[1] See Dkt. No. 20-6 (showing attorney George Piemonte has approximately twenty-seven years of Social Security experience); Dkt. No. 20-7 (showing attorney Alyssa Van Auken has approximately seven years of Social Security experience). Neither Plaintiff's motion nor his brief in support identifies "KHE" or provides support for his requested hourly rate of $211.15/hour. Additionally, neither Ms. Van Auken nor KHE made appearances in this matter.
[2] The Commissioner does not object to Plaintiff's costs request. See Dkt. No. 21.

5

one-half pages of argument, the second issue required approximately five pages of argument, and the third issue required just over three pages of argument. See id. at 8-21. The Court finds these issues are not complex and, furthermore, that Plaintiff's counsel has made similar constitutional arguments in other briefs before this Court. See, e.g., Menard v. Kijakazi, No. 5:20cv144 (S.D. Ga. Sept. 20, 2021), ECF 18 at 7-10. Additionally, because the Commissioner consented to a remand under sentence four of 42 U.S.C. § 405(g), dkt. no. 17, Plaintiff filed no reply brief. The Court finds that 41.95 hours is excessive and should be reduced. See ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought[.]"); see also Huntley v. Comm'r of Soc. Sec., No. 6:12cv613, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013) (stating that "an award in excess of thirty hours [in social security cases] is uncommon").

The Court notes that Plaintiff's counsel spent a combined 6.5 hours to determine whether they would accept the case, and that this amount of time was duplicated because the attorney who initially reviewed the case file is not the same attorney who drafted the opening brief. See Dkt. No. 20-3 at 1. Additionally, counsel spent over thirty-four hours on the

6

opening brief which contains nineteen pages of substance, and, due to combining billing entries, an indeterminate (but possibly significant) amount of time proofreading and editing. Id. Though these charges do not trigger a line-by-line critique of each billed task and its corresponding time, they do signal an overall lack of billing judgment. Accord Thomas v. Kijakazi, No. CV419-271, 2022 WL 3575301, at *2 (S.D. Ga. Apr. 5, 2022). For these reasons, an across-the-board cut is appropriate. See id. However, the Court recognizes that Plaintiff's counsel performed quality work in this matter, achieving a favorable result for their client. Thus, the Court finds Plaintiff's requested attorney's fees award of $9,294.41 should be reduced by 20% to $7,435.53, which is reasonable compensation for the work performed.

The Court **ORDERS** as follows:

1) Plaintiff should be awarded $7,435.53 in attorney's fees, plus $402 in filing costs and $21.48 in service costs.
2) The United States Department of the Treasury should determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the Government should accept Plaintiff's assignment of EAJA fees and pay the fees awarded directly to Plaintiff's counsel.

7

**SO ORDERED**, this 16 day of September, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA